9432

VIRGINIA-CAROLINA CHEMICAL CO. v. HUNTER *ET AL.*

(89 S. E. 393.)

JUDGMENT—MATTERS CONCLUDED.—In creditor's suit, question how much was advanced on a note and mortgage of the debtor presented after appointment of receiver as a claim was improper, where the validity of the mortgage was *res judicata,* and the only question was how much had been paid on it.

Before MOORE, J., Laurens, June, 1915. Affirmed.

Action by Virginia-Carolina Chemical Company against G. Wash Hunter, Sarah Ellen Evans and others. For previous judgments in this action, see 84 S. C. 214, 66 S. E. 177; 94 S. C. 65, 77 S. E. 751 and 97 S. C. 31, 81 S. E. 190.

The appellants make the following statement of their case:

"This was a creditor's bill, asking that the assets of G. Wash Hunter be placed in the hands of a receiver for administration and distribution among his creditors. After the appointment of a receiver, the creditors were called in to present and prove their respective claims. On the hearing before the referee, the defendant, Mrs. Sarah Ellen Evans, through her attorney, presented a note secured by mortgage for $8,000, and offered her husband, H. H. Evans, as a witness in support of it, who volunteers the information that the consideration was cash money. She also offered her brother, the defendant, G. Wash Hunter, as a witness in support of her claim, and when asked the question, 'How much was advanced on these papers?' the claimant through her attorney objects. The objection was overruled, and under advice of his attorney, who was also Mrs. Evans' attorney, the witness refused to answer. This was on August 20, 1913. Another reference was held on August 30, 1913, but no further testimony was taken. On June 6, 1914, the reference was resumed, and Mrs. Evans' attorney again interposed objections to the inquiry as to the amount advanced. The objections were again overruled, and Mrs. Evans' attorney again directed the witness not to answer, and the witness refused to answer. The referee stated that a rule to show cause would be issued against Hunter, and return to be made later. This was never done. The referee allowed the claim for $5,000 and interest, where his reasons for allowing that amount are given. From the report of the referee both parties appealed, and on trial of the cause in the Circuit Court his Honor, Judge Moore, allowed the claim for the full

amount and interest.   The plaintiff appeals from this find-
ing upon five exceptions.   These exceptions will be argued
together."

*Messrs. Dial & Todd* and *Grier, Park & Nicholson,* for
appellant, submit: *"This case has been to the Supreme Court
three times, and on the second appeal the question was raised
as to whether this particular claim should be proven along
with other claims.   The referee whose report was under
review had found as follows: 'It is, therefore, recommended
that all creditors, with the exception of the plaintiff, be
required by a general order to creditors to prove their claims
in this suit.'   The trial Judge confirmed the report of the
referee in toto.   On appeal, the Supreme Court, 94 S. C.
71, 77 S. E. 754, said of the proof of this claim: 'The ref-
eree recommended that all creditors, except plaintiff, be
required to prove their claim in this case.   The appellants
contend that the Court erred in requiring the defendant,
Mrs. Evans, to prove her mortgage for $8,000 because the
same had been adjudged to be a valid obligation of the
defendant, Hunter; and the same position is taken with
regard to the mortgage of the defendant, Blease.   Clearly
the validity of these mortgages is res judicata, and, there-
fore, it cannot be further questioned, but it has never been
determined how much, if anything, has been paid on them.
To illustrate: Mrs. Evans' mortgage was due more than a
year before the commencement of this action.   It was and is
the duty of the debtor to pay it.   He may have done so
wholly or in part.   There is nothing on the record to show
that he has not.   Therefore, there was no impropriety or
error in requiring the stockholders of these claims to for-
mally prove them in the sense of making it appear how much
is due them, but their validity is not open to further ques-
tion.'   It is clear, therefore, that Mrs. Evans was required
to prove this claim, just as other creditors were required to
prove their claim—except the mortgage securing the claim*

*was not open to attack for fraud—preference or otherwise. The sole question was the amount due upon it, and this the defendant was bound to prove."* And further, as to right of cross-examination, and effect of witness' refusal to answer pertinent questions thereon, cite: 32 S. C. 202 and 428; 25 S. C. 322 and 552.

*Mr. Fred. H. Dominick,* for respondent, submits: *Question propounded was impertinent, matter called for being res judicata:* 94 S. C. 66, 69, 71.

July 3, 1916.

The opinion of the Court, reciting the foregoing statement of facts, was delivered by MR. JUSTICE FRASER.

This Court said: "Clearly the validity of these mortgages is *res judicata,* and, therefore, it cannot be further questioned, but it has never been determined how much, if anything, has been paid on them." 94 S. C. 65, 71; 77 S. E. 751, 752. The only question was, how much has been paid? If the witness had been asked a relevant question, this Court would send it back in order that the witness might be compelled to answer. The question, however, tended to controvert a matter that was *res judicata.* It would not be proper to send the case back to require an answer that is irrelevant.

The exceptions are overruled and the judgment affirmed.